FILED
17-0081
12/22/2017 12:48 PM
tex-21462083
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK



**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

Bill Davis
ASSISTANT SOLICITOR GENERAL

(512) 936-1896
BILL.DAVIS@OAG.TEXAS.GOV

December 22, 2017

***Via E-Filing***

Blake A. Hawthorne, Clerk
Supreme Court of Texas

     Re:    No. 17-0081; *City of Krum v. Rice*

Dear Mr. Hawthorne:

The State of Texas as amicus curiae files this letter brief in connection with the pending motion for rehearing in the above-referenced cause. The State has an interest in proper application of Texas Government Code sections 22.001 and 22.225 as amended this year by House Bill 1761. *See* Act of May 19, 2017, 85th Leg., R.S., ch. 150, 2017 Tex. Gen. Laws 291 (cited in *City of Krum v. Rice*, No. 17-0081, 2017 WL 6390973, at *2 n.2 (Tex. Dec. 15, 2017) (per curiam)). Although this interest is relevant in all cases presented to the Court, it is particularly important to the State, its agencies, and its officials in interlocutory appeals, such as this one, that arise from orders on pleas to the jurisdiction governed by Texas Civil Practice and Remedies Code section 51.014(a)(8). The State files this letter brief in support of neither party. It takes no position on the questions addressed in the parties' briefing or on whether the Court retained jurisdiction over this case after September 1, 2017. No fee has been or will be paid for the preparation of this letter brief.

Sections 1 and 4 of House Bill 1761 altered the scope of this Court's jurisdiction by amending Texas Government Code section 22.001 and repealing portions of section 22.225. 2017 Tex. Gen. Laws at 291–92. Section 6 made those changes "effect[ive] September 1, 2017." *Id.* at 293. In the State's view, that means this Court's jurisdiction over cases that were pending in the Court on September 1, 2017, will generally depend only on whether "the appeal presents a question of law that is important to the jurisprudence of the state," even if jurisdiction was initially premised on a different ground. *Id.* at 292 (§ 1, amending Tex. Gov't Code

§ 22.001(a)); *see City of Austin v. Whittington*, 384 S.W.3d 766, 790 (Tex. 2012) (following *Texas Municipal Power Agency v. PUC*, which explained that "jurisdictional statutes . . . . should be applied as they exist at the time judgment is rendered, even if the laws did not exist when the original order was issued," 253 S.W.3d 184, 198 (Tex. 2007)); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 547 (Tex. 2010) (same); *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (explaining that "the United States Supreme Court has held that a new statute conferring or ousting jurisdiction applies to existing suits because such laws typically do not affect substantive rights" (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)).

The general statement in section 6 is qualified by section 5, which states: "The repeal of Section 22.225(d), Government Code, applies only to an interlocutory order signed on or after the effective date of this Act. An interlocutory order signed before the effective date of this Act is governed by the law applicable to the order immediately before the effective date of this Act, and that law is continued in effect for that purpose." 2017 Tex. Gen. Laws at 293. Although "an interlocutory order signed on or after the effective date of this Act" in the first sentence of section 5 could arguably refer to *any* interlocutory order signed on or after the effective date of House Bill 1761, the context of that language reflects that section 5 applies to a narrower subset of interlocutory orders.

Former Government Code section 22.225(d), the provision referenced at the outset of section 5, provided an exception to former section 22.225(b)'s jurisdictional restriction by stating that "[a] petition for review is allowed . . . for an appeal from an interlocutory order described by Section 51.014(a)(3), (6), or (11), or (d), Civil Practice and Remedies Code." Act of May 25, 2011, 82d Leg., R.S., ch. 203, § 3.02, 2011 Tex. Gen. Laws 757, 758. Under the former version of section 22.225, the Court therefore had jurisdiction over the subset of interlocutory appeals described in former section 22.225(d) even if the party filing a petition for review could not establish dissent or conflicts jurisdiction under former section 22.225(c).

In the State's view, the first sentence of section 5 means that the prior version of section 22.225(d) continues to apply after September 1, 2017, but only with respect to interlocutory orders that: (a) are described by Texas Civil Practice and Remedies Code section 51.014(a)(3), (6), (11), or (d); and (b) were signed before September 1, 2017. Appeals of all other interlocutory orders are now governed by House Bill 1761, which requires a showing of importance to the jurisprudence of the State to maintain

jurisdiction that might previously have been premised on a different ground. *See* 2017 Tex. Gen. Laws at 292 (§ 1). Finally, although the phrase "[a]n interlocutory order" in the second sentence of section 5 could arguably also refer to *any* interlocutory order, it most naturally means the same thing it means in the first sentence of that provision. *See City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 643 (Tex. 2013) (stating that the Court "provide[s] consistent meaning to the same word used throughout a statute," a rule of construction that should likewise govern a phrase in a bill).

This understanding of House Bill 1761 is inconsistent with footnote two of the Court's per curiam opinion in *City of Krum*, which stated that the 1985 version of the Texas Government Code applied even though the appeal arose from an order within the scope of Texas Civil Practice and Remedies Code section 51.014(a)(8) and this Court decided the case after September 1, 2017. For that reason, and because the parties have not briefed this issue, the State respectfully submits this amicus letter brief and requests reconsideration of footnote two of the Court's December 15, 2018, opinion.

Sincerely,

/s/ Bill Davis

Bill Davis
*Counsel for the State of Texas
as Amicus Curiae*

## CERTIFICATE OF SERVICE

On December 22, 2017, this amicus letter brief was served electronically on: (1) Clark McCoy, lead counsel for petitioner, via cmccoy@wtmlaw.net; (2) Richard Gladden, lead counsel for respondent, via richscot1@hotmail.com; and (3) Scott Houston, lead counsel for amicus curiae Texas Municipal League, via shouston@tml.org.

/s/ Bill Davis
BILL DAVIS